J. C. WYNNE AND J. E. HALL, TRUSTEES OF THE ESTATES OF RICHARD C. STALEY, JOSEPH H. STALEY AND JAMES I. STALEY, JR., PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 43451.  Promulgated May 17, 1933.

*Harry C. Weeks, Esq.,* for the petitioners.
*S. S. Faulkner, Esq.,* for the respondent.

126

OPINION.

LANSDON: At the hearing the petitioners abandoned issue No. 3 and the respondent admitted as to issue No. 2 that he had erroneously overstated the income of the trust estate in 1926 in the amount of $4,829.44. The effect of this admission will be included in the recomputation of tax liability for such year under Rule 50.

The only issue now remaining for consideration is the proper method of taxing the income of the trust estate in each of the taxable years under review. Originally the trustees reported such income as if it were annually distributable to the beneficiaries under the terms of the trust instrument. Since it is obvious that such instrument contains no provisions for the distribution of any part of the income of the trust annually, that position has been abandoned and the

petitioners now contend that the intention of the trustors and the effect of the trust instrument were to create three separate trusts to be administered by a single body of trustees. Counsel argues at length that one third of the corpus of the trust vested in each of the beneficiaries upon the execution of the deed and that as a necessary consequence the income from each one third was taxable to the beneficiary in whom one third of the corpus was so vested or taxable separately to the trust.

It may be true, as argued by the petitioner, that several trust estates in which each of the beneficiaries has a vested interest can be created by a single instrument and administered by a single body of trustees, but in any event the terms of the instrument must be construed to determine its effect and the intention of the trustors. In the instant proceeding the instrument purports to create only a single trust and the language thereof is so clear and specific that neither analytical construal nor discussion and application of rules of law are required in order to decide what we think is a plain question of fact. There is nothing in the instrument to indicate that any present title to any part of the corpus vested in any of the petitioners at the date of execution. On the contrary it does expressly provide that:

> Upon the arrival of each beneficiary at the age of twenty-one years, the trustees shall then turn over to such beneficiary his portion of the said estate and *from that time such beneficiary shall own said property* and be free to dispose of the same as he shall see fit. [Italics supplied.]

It is obvious that this language is contrary to the theory that title to one third of the corpus vested in each beneficiary at the date of the execution of the trust. If the beneficiaries had a vested interest in their several parts of the corpus from the first it was not necessary to provide that ownership should date from the twenty-first birthday.

The instrument further provides that any children born to the trustors during the life of the trust shall share alike with the children named therein. Also there is a further provision that if either of the named beneficiaries should die during the trust period, his interest shall pass to the survivors. These provisions certainly indicate that the trustors did not intend to vest any definite share of the corpus in any one of the beneficiaries as of the date of the execution of the trust, but did intend to create a single trust to be re-formed and continued in the event of certain contingencies which were particularly specified. In our opinion only one trust estate was created by the instrument in question. On this issue the determination of the respondent is affirmed.

*Decision will be entered under Rule 50.*